IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                              Case Nos. 05-CR-10077-1-JTM
                                                       17-CV-01269-JTM

MICHAEL D. STUMBAUGH,

          Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Michael D. Stumbaugh's Petition for Writ of Audita Querela or Other Appropriate Relief Pursuant to the All Writs Act, 28 U.S.C. § 1651 (Dkt. 25). Defendant challenges his career offender enhancement, pursuant to § 4Bl.l of the United States Sentencing Guidelines ("U.S.S.G."), based on the Tenth Circuit's recent decision in *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017). For the reasons stated herein, defendant is entitled to relief.

**I.**     **Background**

On February 15, 2006, defendant pleaded guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts 1, 5, and 6); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) (Count 4); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 7). Pursuant to their agreement, the parties jointly requested a 262-month sentence.

A Presentence Report ("PSR") was prepared and determined defendant was a career offender under U.S.S.G. § 4B1.1 because he had two prior "controlled substance offenses"—Kansas state convictions for possession of marijuana with intent to sell, and possession of methamphetamine with intent to sell. Defendant's base offense level was 26, however, after various adjustments and the career offender enhancement, defendant's total offense level was 31.

On May 1, 2006, the court imposed the parties' agreed upon sentence. Defendant did not file a direct appeal or a petition under 28 U.S.C. § 2255. On October 16, 2017, defendant filed the instant petition for writ of audita querela or other available relief pursuant to the All Writs Act, 28 U.S.C. § 1651.

## II.  Writ of Audita Querela

The Tenth Circuit has held that "a writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Harris*, 391 F. App'x 740, 743 (10th Cir. 2010) (quoting *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002). Although the writ of audita querela has been abolished in civil cases, it "might afford post-conviction relief to a criminal defendant to challenge a conviction or sentence to the extent it fills gaps in the current system of post-conviction relief." *See id.* But a writ of audita querela is not available to challenge a sentence "when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Id.*

As noted above, defendant has not previously filed a habeas motion pursuant to 28 U.S.C. § 2255. Even though defendant's plea agreement contained a collateral-attack

waiver, a § 2255 motion—not a writ of audita querela—is the proper remedy for defendant to challenge his career offender sentencing enhancement. *See Mata-Soto v. United States*, 558 F. App'x 844, 848 n.3 (10th Cir. 2014) ("We have previously held that § 2255 is not inadequate or ineffective merely because it is barred by the statute of limitations. *Sines v. Wilner*, 609 F.3d 1070, 1073–74 (10th Cir. 2010). Similarly, a defendant's knowing and voluntary waiver of his § 2255 rights cannot be sufficient to render § 2255 inadequate or ineffective.").

### III.   Timeliness

Defendant notes that he is time-barred from filing a § 2255 motion unless he meets certain requirements. The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs defendant's § 2255 motion and establishes a one-year limitations period for federal prisoners seeking habeas relief. The limitations period commences on the latest of four dates.

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The court generally assumes that the limitations period begins to run at the time the movant's conviction becomes final unless the movant can show that it should begin at a later time. *See United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006).[1]

*Madkins* was decided on August 8, 2017. Defendant filed his motion on October 16, 2017. The Tenth Circuit had not previously considered this precise issue. *Madkins*, 866 F.3d at 1145. Although *Madkins* is not a newly asserted right decided by the United States Supreme Court, it stems from recent Supreme Court decisions and further addresses a Guidelines enhancement after *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886, 197 (2017). Importantly, the Tenth Circuit held:

> the elements of Madkins's prior offenses of conviction do not categorically match the elements in § 4B1.2(b), because Kansas law defines 'sale' to include an 'offer to sell.' And since an offer to sell is broader than distribution as defined in the Guidelines, Madkins's prior offenses are not controlled substance offenses for purposes of the career-offender enhancement.

*Madkins*, 866 F.3d at 1145. Therefore, the court finds defendant's motion is timely because it was filed within one year from a newly asserted right that supports defendant's claims. *See* 28 U.S.C. § 2255(f)(3).

Even if defendant's § 2255 motion is untimely, the court finds that rare and exceptional circumstances exist that warrant equitable tolling of the one-year period.

---

[1] Defendant claims that he does not meet any criteria under 28 U.S.C. § 2255(f) because his petition was not filed within one year from the date his judgment became final. The court is mindful of defendant's pro se status and liberally construes his motion. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining that "because [defendant] appears pro se, we must construe his arguments liberally"). Thus, the court finds that defendant's motion sets forth sufficient facts to determine that it is timely under 28 U.S.C. § 2255(f)(3).

4

*See Holland v. Florida*, 560 U.S. 631, 645 (2010) (AEDPA's statute of limitations is not jurisdictional). Defendant did not delay in seeking relief once he had grounds to challenge his career offender status. This is not a case of simple excusable neglect, and the court finds that defendant exercised due diligence in pursuing his rights.

**IV.     Defendant's Plea Agreement**

Defendant pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C). Within defendant's plea agreement, defendant waived the right to challenge his sentence in a collateral attack under § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)) or a motion brought under 18 U.S.C. § 3582(c)(2) or Fed. R. Civ. P. 60(b)).

*Rule 11(c)(1)(C) Plea Agreement*

Recently, the Tenth Circuit considered a *Johnson*-based challenge to an agreed-upon sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement. *See United States v. Pam*, 867 F.3d 1191, 1197 (10th Cir. 2017). "Pam's plea agreement expressly used the ACCA—specifically its statutorily mandated minimum term of imprisonment—to establish the agreed-upon 180-month sentence." *Id.* at 1198. The Tenth Circuit further noted Pam's plea agreement "states that while his crime of conviction carries a maximum penalty of 'imprisonment for a period of not more than ten (10) years,' he 'may be an armed career criminal which carries a minimum sentence of fifteen (15) years ['] imprisonment.'" *Id.* Although Pam pleaded guilty pursuant to Fed. R. Crim. 11(c)(1)(C) and waived his right to file a § 2255 motion, the Tenth Circuit ultimately determined that Pam could challenge his sentencing enhancement under the ACCA. *Id.*

5

at 1199 ("Because Mr. Pam's plea agreement expressly used the ACCA to establish the agreed-upon term of imprisonment, the binding nature of the agreement does not prevent us from considering whether *Johnson* impacts the constitutionality of Mr. Pam's sentence.").

Defendant's plea agreement is comparable to the circumstances in *Pam*. The parties noted that defendant had "two prior felony convictions which qualify to make him a career offender under U.S.S.G. § 4B1.1 for both the drug counts and the count pursuant to 18 U.S.C. § 924(c). The proposed sentence is what the parties believe would be the low end of the advisory guidelines range . . . ." (Dkt. 17, at 4). The parties further stated that "[i]f defendant were to plead guilty as charged, his advisory sentencing guideline calculation would expose him to an estimated advisory sentencing range of 524 months, due to the second count of 924(c) . . . ." *Id.* Because defendant's plea agreement specifically considers his advisory guideline sentence—taking into account his career offender status—the court finds that the binding nature of defendant's plea agreement does not prevent it from considering whether *Madkins* impacts defendant's sentence.

*Waiver*

The government seeks to enforce defendant's waiver. Generally, a knowing and voluntary waiver of a collateral attack is enforceable. *United States v. Morrison*, 415 F. App'x 860, 862 (10th Cir. 2011) (citing *Cockerham*, 237 F.3d at 1183). District courts enforce these waivers so long as: (1) the collateral attack falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his right to collateral

6

review; and (3) enforcing the waiver would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

In his plea agreement, defendant specifically "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. . . . [D]efendant also waive[d] any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b)." (Dkt. 17, at 6).

Defendant's instant claim is a collateral attack on his sentence, which falls within the scope of the waiver in his plea agreement. The court is aware of the authority that supports the government's position for enforcing defendant's waiver. But as noted above, defendant asked for the 262-month sentence because he was told he was a career offender. At the sentencing hearing, defense counsel noted that defendant's charged crimes were of the sort that were typically prosecuted in state court. (Dkt. 30, at 6). However, defendant was deemed a career offender, and found himself in federal court facing a 30-year, possibly 55-year, sentence. Defendant had no way of knowing that approximately 11.5 years later, the sentence that he was facing when he accepted the government's plea offer would be significantly reduced because he was no longer a career offender in the eyes of the justice system. Under these circumstances, to find

defendant knowingly waived the right to challenge his career offender status is unjust and patently unfair. The court will not enforce defendant's waiver.

### V. Defendant's Prior Offenses

Defendant has Kansas convictions for possession of marijuana with intent to sell, and possession of methamphetamine with intent to sell. At relevant times, the Kansas Uniform Controlled Substances Act prohibited possession with intent to sell methamphetamine as follows:

> [I]t shall be unlawful for any person to sell, offer for sale or have in such person's possession with intent to sell, deliver or distribute; prescribe; administer; deliver; distribute; or dispense any opiates, opium or narcotic drugs, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. 65-4107 and amendments thereto.

Kan. Stat. Ann. § 65-4161(a) (2001 version). Methamphetamine is designated in Kan. Stat. Ann. § 65-4107(d)(3). Likewise, the Act prohibited possession with intent to sell marijuana:

> [I]t shall be unlawful for any person to sell, offer for sale or have in such person's possession with intent to sell, deliver, or distribute; cultivate; prescribe; administer; deliver; distribute; dispense or compound . . . any hallucinogenic drug.

Kan. Stat. Ann. § 65-4163(a)(3) (2001 version).

Both Kansas offenses include an "offer to sell" as a means to distribute, which is broader than distribution as defined in the Guidelines. *See Madkins*, 866 F.3d at 1145. Therefore, defendant's prior convictions are not controlled substance offenses and cannot qualify as predicate offenses to support defendant's career offender enhancement under U.S.S.G § 4B1.1(a). *Madkins*, 866 F.3d at 1144 ("The enhancement

8

applies to a defendant convicted of a 'controlled substance offense' who 'has at least two prior felony convictions of either a crime of violence or a controlled substance offense.'"). Defendant is entitled to relief and shall be resentenced without consideration of the career offender enhancement.

IT IS THEREFORE ORDERED this 2nd day of February, 2018, that defendant's Petition for Writ of Audita Querela or Other Appropriate Relief Pursuant to the All Writs Act, 28 U.S.C. § 1651 (Dkt. 25) is construed as a motion filed pursuant to 28 U.S.C. § 2255, and is granted.

IT IS FURTHER ORDERED that counsel will be appointed for defendant and a sentencing hearing will be scheduled.

s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE